UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUAN MORALES,

                Plaintiff,

   -against-

UNITED STATES OF AMERICA et al.,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-CV-4247 (CBA) (RER)

**AMON, United States District Judge:**

      On August 5, 2020 the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, entered a Memorandum and Order granting in part and denying in part Plaintiff Juan Morales's motion (1) to compel Defendants to produce certain documents in unredacted form, (2) to strip certain documents of their designation as "confidential" under the protective order, and (3) for an in camera review of all documents Defendants have withheld on the basis of privilege. (ECF Docket Entry ("D.E.") # 42 (the "Discovery Order").) Morales now appeals the Discovery Order pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72. (D.E. # 43 ("Pl. Br.").) For the reasons stated below, Morales's appeal is denied in part and granted in part.

### BACKGROUND

      Morales brought this action on July 26, 2018 under the Federal Tort Claims Act and pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). (D.E. # 1.) The lawsuit arises from Morales's 2016 arrest at John F. Kennedy International Airport for a burglary committed in New York the year prior. (Pl. Br. at 1.) Morales alleges that he was outside the country when the burglary occurred, and thus spent five months "falsely imprisoned" for a burglary he did not commit. (Id.) The defendants in this case are the United States of America and federal officers. Morales has commenced a separate suit in state court against the

Nassau County Police Department and its state officers. See Morales v. Nassau Cty Police Dep't, No. 700742/2018 (Sup. Ct. Queens County). On September 11, 2019, the parties in this action filed a Stipulation and Order for the Protection of Documents and Information, (D.E. # 22-1 (the "Protective Order")), which the Court so-ordered, (Order dated Sept. 12, 2019).

Morales "initially believed that Nassau County and the Federal Government acted independently of one another," but now contends that "discovery revealed that Dezelic, one of the arresting officers, was acting as both a Nassau County Detective and an FBI agent." (Pl. Br. at 2.) Seeking to pursue this theory, Morales filed a discovery motion:

> (1) to compel Defendants to produce all documents already produced by Defendants with all redactions removed, except for the identity of private individuals in no way connected to this action; (2) to strip certain documents produced by Defendants of their designation as "confidential" documents so that we can use the documents in Plaintiff's State Court Action; and (3) to have Defendants produce all documents they have withheld on the basis of privilege for an in camera inspection.

(D.E. # 34 at 1.) After hearing oral argument, Judge Reyes ordered Defendants to provide "a declaration specifying reasons the relevant documents are subject to the law enforcement privilege as well as redacted and unredacted copies of the relevant documents." (Minute Entry dated May 19, 2020.) Judge Reyes then conducted an in camera review of the documents and issued the Discovery Order. The Discovery Order concluded that the redactions for law enforcement privilege were proper, although Morales had overcome the privilege as to certain information such as telephone numbers. (Discovery Order at 4.) The Discovery Order declined to strike Defendants' designation of certain documents as "confidential" under the Protective Order and did not address Morales's request for a full in camera review. (Id.)

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(A), a district court may set aside a magistrate judge's order on a non-dispositive pretrial matter if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a) (When reviewing a non-dispositive pretrial order, a district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").  Matters concerning discovery "usually are committed to the discretion of the magistrate, reviewable by the district court under the 'clearly erroneous or contrary to law' standard."  Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).  An order is clearly erroneous if "'on the entire evidence' the Court is 'left with the definite and firm conviction that a mistake has been committed.'"  Mental Disability Law Clinic v. Hogan, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010) (quoting Easley v. Cromartie, 532 U.S. 234, 235 (2001)).  An order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation omitted).  The standard of review is highly deferential.  Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (citation omitted).

**DISCUSSION**

Morales raises two issues: (1) whether Defendants have improperly redacted certain documents as subject to the law enforcement privilege; and (2) whether Defendants have justified their designation of certain documents as "confidential" under the Protective Order.[1]

---

[1] Morales briefly asks the Court to grant as unopposed "that part of Plaintiff's motion seeking to have all documents produced by Defendants re-produced unredacted, and to have all documents withheld on the basis of privilege submitted for an in camera inspection."  (Pl. Br. at 4.)  As to the redactions, those are the main focus of this appeal and the argument is not unopposed.  As to the in camera review, the Court has reviewed approximately 20% of Defendants' document production.  (D.E. # 39 at 19:21:20-23.)  Morales has not argued that these documents fail to constitute a fair representation of the production, and so absent a showing of any particular need, Morales's request for a full in camera review is denied.

### I. Redactions

The law enforcement privilege is a qualified privilege which establishes a presumption against disclosure for information (1) pertaining to law enforcement techniques and procedures, (2) that would undermine the confidentiality of sources, (3) that would endanger witnesses and law enforcement personnel, (4) that would undermine the privacy of individuals involved in an investigation, or (5) that would seriously impair the ability of a law enforcement agency to conduct future investigations. In re The City of New York, 607 F.3d 923, 948 (2d Cir. 2010). The party asserting the privilege bears the burden of showing its applicability. Id. at 948. The presumption against disclosure may be overcome by a party demonstrating that (1) its suit is non-frivolous, (2) the information is not available elsewhere, and (3) the party has a compelling need for the information. Id. at 948. Upon such a showing, the court must weigh the interests favoring and against disclosure to determine whether the information should be disclosed. Id.

Judge Reyes concluded that "LEP applies to the redactions." (Discovery Order at 2.) That conclusion followed an "in camera review of each and every document (redacted and unredacted), and carefully considering the parties' written submissions, along with the Allen, Wagner and Crum declarations." (Id.) Those declarations "identified the origins of the specific documents at issue and why they are covered by the LEP, and the 'specific harms' that may ensue should the protections of the LEP be removed." (Id. at 2-3.) And such redactions "have been found in other cases to be protected." (Id. at 3 (collecting cases addressing the confidentiality of similar records).) After reviewing these documents and authorities, I find no clear error in the conclusion that law enforcement privilege protects the redacted information.

Morales argues that even if the law enforcement privilege applies, he has overcome it. But the Discovery Order correctly explained that Morales "did not describe with any specificity

why he needs the redacted information." (Discovery Order at 3.) Morales points out that he "provided a detailed summary of each and every document." (Pl. Br. at 3.) But establishing a compelling need requires more than identifying the documents at issue. Morales has not explained how the information would support his causes of action in state court. His assertion that the documents "will be trial and deposition exhibits" is wholly conclusory. (Id. at 3.) The Discovery Order's conclusion that Morales had generally failed to overcome the law enforcement privilege was neither clearly erroneous nor contrary to law.[2]

Morales relies on two cases but neither supports his argument. In Floyd v. City of New York, 739 F. Supp. 2d 376, 384 (S.D.NY. 2010), the moving parties overcame the presumption against disclosure because they were "unable to prove their quota theory through other discovery." When Morales was able to articulate a theory justifying his need for certain of the redacted information, the Magistrate Judge partially granted his motion. He has articulated no theory justifying further disclosures. Morales's other citation, MacNamara v. City of New York, 249 F.R.D. 70 (S.D.N.Y. 2008), is similarly unhelpful to his argument. (See D.E. # 53 at 1 (quoting MacNamara, 2008 WL 858679, at *13).) Besides having been decided before the Second Circuit established the burden-shifting framework of New York, 607 F.3d at 948, MacNamara's warning against reliance on "conclusory or ipse dixit assertions" of privilege is inapposite: the law-enforcement declarations submitted by Defendants provide specific justifications of privilege set forth in dozens of detailed paragraphs spanning nearly thirty pages. (See D.E. ## 44-46.)

---

[2] Morales does not contest the aspect of the Discovery Order requiring Defendants to provide certain identifying information such as telephone numbers. (Discovery Order at 4.) That his motion was partially granted dispenses with his objection that the Discovery Order was "contradictory." (Pl. Br. at 3.) Rather, Judge Reyes reasonably concluded that Morales had overcome the privilege as to certain information and had not overcome the privilege as to other information.

In sum, the Discovery Order neither clearly erred nor was contrary to law as to the redactions for law enforcement privilege.

## II. Confidentiality Designations

In the following paragraph, the Discovery Order denied Morales's motion to have the "confidential" designation removed from certain documents that Defendants have produced:

> Finally, Morales's motion to strip the documents of their confidential designation so he can use them in his related state court action is denied. Beyond reflexively arguing that he needs the unredacted documents for use in his related state court case (Dkt. No. 34 at 7), Morales has not shown which documents he needs to use in the state court action or why he needs to use them. The Court is disinclined to eviscerate the parties' negotiated protective order without a more fulsome and specific showing of need.

(Discovery Order at 4.) To assess whether that denial was clear error or contrary to law, I evaluate it in light of the authority governing confidentiality designations—the Protective Order.

The Protective Order provides that "stamping a document to mark it as 'CONFIDENTIAL' does not mean the document is actually confidential" and accordingly sets forth procedures for challenging a confidentiality designation:

> The parties retain the right to challenge a designation of CONFIDENTIAL INFORMATION before the Court by appropriate application to the Court. In connection with any such application, <u>the burden will be placed on the party designating the document as CONFIDENTIAL</u> to prove that the document is CONFIDENTIAL in accordance with applicable law.

(Protective Order ¶¶ 1, 18 (emphasis added).)

Despite carrying the burden as the designating party, Defendants argued that "Morales [must] show how his interest in using the documents to prosecute the State Action outweighs the government's interest in preserving the confidentiality of those documents." (D.E. # 33 at 4.) That argument carried through to the Discovery Order, which, in declining to remove the

6

confidentiality designations stated that "Morales has not shown which documents he needs to use in the state court action or why he needs to use them." (Discovery Order at 4.) Defendants on appeal again cast Morales's challenge as an "attempt to circumvent the Protective Order." (D.E. # 50 at 3.) But the Protective Order is clear: Defendants carry the burden of justifying their confidentiality designations and Morales has never conceded that the documents are confidential.

Here, the Discovery Order erroneously placed the burden on Morales in concluding that it would "eviscerate the parties' negotiated protective order" unless Morales could "show[] which documents he needs to use in the state court action [and] why he needs to use them." (Discovery Order at 4.) See Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order. . . ."); In re Parmalat Secs. Litig., 258 F.R.D. 236, 243 (S.D.N.Y. 2009) (striking designations of confidentiality and explaining that a "blanket protective order temporarily postpones the good cause showing," while the "burden of establishing good cause then lies with the party seeking to prevent the disclosure of documents."); Schiller v. City of New York, No. 4-cv-7922 (KMK) (JCF), 2007 WL 136149, at *3 (S.D.N.Y. Jan. 19, 2007); Application of Akron Beacon J., No. 95-cv-1402 (CSH), 1995 WL 234710, at *12 (S.D.N.Y. Apr. 20, 1995) (protective order "improperly shifted the burden of showing particularized need to the party challenging the designation, contrary to the express provisions of Fed.R.Civ.P. 26(c)"); cf. Bryant ex rel. Bryant v. Milhorat, No. 09-cv-1751 (JS) (ETB), 2012 WL 1644586, at *2 (E.D.N.Y. May 7, 2012).

On the current record, I cannot conclude whether this error was harmless. The central question is on what basis does the government claim the documents are confidential. This question is better left in the first instance to Judge Reyes, who as "a magistrate judge[,] is best

7

qualified to 'judge the entire atmosphere of the discovery process.'" Curto v. Med. World Comms., No. 3-v-6327 (DRH) (MLO), 2008 WL 2371155, at *3 (E.D.N.Y. June 9, 2008) (quoting Bogan v. Northwestern Mut. Life Ins. Co., 144 F.R.D. 51, 53 (S.D.N.Y. 1992)). Accordingly, I will respectfully remand the motion for Judge Reyes to assess whether Defendants have proven (or can prove, in supplemental briefing) that the challenged confidentiality designations are in accordance with law.

## CONCLUSION

Having reviewed the Discovery Order, the documents submitted in camera, and the parties' submissions, I conclude that (1) the Discovery Order was neither clearly erroneous nor contrary to law as to the redactions for law enforcement privilege; and (2) the Discovery Order erred by not placing the burden on Defendants to justify their challenged confidentiality designations. Accordingly, Morales's appeal is denied in part and granted in part. The motion is respectfully remanded for proceedings consistent with this Order.

SO ORDERED.

Dated: November 19, 2020  /s/ Carol Bagley Amon
      Brooklyn, New York

                                        Carol Bagley Amon
                                        United States District Judge