# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 18-CV-4247 (CBA) (RER)

JUAN MORALES,

Plaintiff,

VERSUS

UNITED STATES OF AMERICA, ET AL.,

Defendants.

**Supplemental Memorandum & Order**

**October 1, 2021**

**Ramon E. Reyes, Jr., U.S.M.J.:**

The Honorable Carol B. Amon remanded to me plaintiff Juan Morales' ("Morales") motion to compel (Dkt. No. 34) "to assess whether Defendants have proven . . . that the challenged confidentiality designations are in accordance with the law" (Dkt. No. 55 ("Order") at 8).

After further review, and consistent with the initial ruling on Morales' motion (Dkt. No. 42 ("Discovery Order")), I find that the Defendants have sustained their burden to establish the propriety of the confidential designation for all of the documents in question and their continued confidential treatment under the protective order.

When a confidential designation of a non-judicial document is challenged, the party designating the documents as confidential must show "good cause" for the continued confidential treatment. *E.g., U2 Home Entm't, Inc. v. Kylin TV, Inc*., No. 06–CV–2770 (DLI), 2008 WL 1771913, at *2 (E.D.N.Y. Apr.15, 2008) (where "the confidentiality designation is contested, the party seeking to maintain confidential treatment for the challenged document will have the burden of establishing good cause for the continuation of that treatment").[1]

---

[1] Because the documents at issue are discovery documents, and not judicial documents, the Court need not engage in balancing the public interest in disclosure with the Defendants' interest in continued confidential treatment. *Dorsett*, 762 F.Supp.2d at 519 ("good cause determination [] requires the movant when dealing with a non-judicial document to make only a 'baseline showing of good cause in order to

1

"Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (internal quotations and citation omitted).

As explained in the Discovery Order, Defendants designated the documents as confidential pursuant to the law enforcement privilege ("LEP"). (Discovery Order at 1.) A party asserting the LEP "bears the burden of showing that the privilege applies to the documents in question." *In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010). This is accomplished by demonstrating "that the documents contain information that the law enforcement privilege is intended to protect." *Id*.

As the Discovery Order notes, along with their opposition to Morales' motion Defendants submitted two declarations which describe "the origins of the specific documents at issue and why they are covered by the LEP, and the 'specific harms' that may ensue should the protections of the LEP be removed." (Discovery Order at 2; *see also* Dkt. No 44 at ¶¶ 6-25; Dkt. No. 45 at ¶¶ 4-14)). The LEP designations and assertions of specific harms that may result upon disclosure apply to the documents as a whole, and not just to the redacted information.[2] In that regard, Defendants satisfied their burden with the filing of their opposition to Morales' motion to compel, a finding that is at least implicit in the Discovery Order.

In any event, I have carefully re-reviewed the declarations and each of the documents in question, and agree that the documents are entitled to LEP protection. And, while Morales may disagree, Defendants have made the necessary minimal showing of possible harm that may result should the documents be disclosed publicly. *E.g., Byrnes,* 2000 WL 60221, at *6 (noting that "defendant offers a very thin and speculative basis for sealing, but, absent any presumption against sealing, it should suffice for the limited purpose of protecting discovery materials as such."). There is good cause for the continued confidential treatment of the documents in question.

Finally, as explained in the Discovery Order (Discovery Order at 4), Morales has failed to overcome the presumption against

---

justify the imposition of a protective order.' Therefore, . . . 'there is no presumption against sealing, and thus even a minimal showing of possible harm from disclosure should trigger a sealing order…'" (quoting *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc*., 621 F.Supp.2d 55, 62 (S.D.N.Y. 2007) and *Byrnes v. Blue Cross Blue Shield,* No. 98 Civ. 8520, 2000 WL 60221, at *6 (S.D.N.Y. Jan. 25, 2000), respectively)).

[2] *See, e.g.,* Dkt. No. 44 at ¶ 6 ("I have personally reviewed the *records and information that were marked as confidential* as well as the documents containing redactions. I am making this Declaration for the purpose of asserting the law enforcement privilege with respect to *documents* that were identified in the government' s privilege log and specifically with respect to the *documents mentioned by the Plaintiff in his Motion to Compel*. For the reasons set forth below, I have determined that disclosure of this information would be contrary to the public interest, because it would reveal CBP's confidential law enforcement techniques, methods and procedures, as further discussed below." (emphasis added)) and ¶ 25 ("stripping the 'confidential' designation *of these documents* and/or the disclosure of the withheld and redacted information discussed herein would allow potential violators to discover or circumvent CBP law enforcement techniques and endanger CBP operations and personnel at ports-of-entry. Specifically, the disclosure of these techniques would enable potential violators to evade CBP inspection processes, possibly introducing contraband into the United States and/or otherwise evading customs laws, and place CBP officers and the public in harm's way. The disclosure of the withheld information would also jeopardize the overall effectiveness of CBP and third-party investigations. (emphasis added)).

disclosure of the LEP-protected documents. He has failed to establish a "compelling need" for the protected information. *In re City of N.Y.*, 607 F.3d at 945.

Accordingly, Morales' motion to strip the documents of their confidential designation is denied.

**SO ORDERED**

**/s/   Ramon E. Reyes, Jr.**
RAMON E. REYES, JR.
United States Magistrate Judge